**BAO BIN NIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73216.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul J. Wogaman, Sr., Esq., DOJ—U.S. Department of Justice Commercial Litigation Frauds, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Bao Bin Nian, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

Nian did not present sufficient evidence to compel a finding that the harm he experienced in China was on account of an enumerated ground. *See Kozulin v. INS,* 218 F.3d 1112, 1116–17 (9th Cir.2000). Because Nian failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Nian's CAT claim also fails because he has not shown it is "more likely than not" that he will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *Singh v. INS,* 351 F.3d 435, 443 (9th Cir.2003) (denying habeas petition because substantial evidence supported denial of CAT relief where petitioner could relocate to part of country where he was not likely to be tortured and was not personally threatened).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Nian's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issue of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

